UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-CV-23097-LENARD

OMAR DEL CARMEN VALLE CENTENO )
NESTOR JOSE MEJIA OBANDO and all )
others similarly situated under 29 U.S.C. )
216(B), )
)
        Plaintiffs, )
  vs. )
)
I & C EARTHMOVERS CORP. )
LEONEL GARCIA )
CARLOS M. GARCIA, )
)
        Defendants. )
_____)

## SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiffs, OMAR DEL CARMEN VALLE CENTENO and NESTOR JOSE MEJIA OBANDO, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, file this Amended Complaint against Defendants, I & C EARTHMOVERS CORP., LEONEL GARCIA and CARLOS M. GARCIA, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. Defendant, I & C EARTHMOVERS CORP, is a corporation that regularly transacts business within Dade County. Upon information and belief, Defendant Company was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant, LEONEL GARCIA, is a corporate officer and/or owner and/or manager of the Defendant Company, who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiffs' wages for

the relevant time period and/or controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant, CARLOS M. GARCIA, is a corporate officer and/or owner and/or manager of the Defendant Company, who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and/or controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff, OMAR DEL CARMEN VALLE CENTENO, worked for Defendants as a heavy equipment operator from on or about January 2005 through the present date and ongoing.

11. Plaintiff, NESTOR JOSE MEJIA OBANDO, worked for Defendants as a heavy equipment

operator from on or about March 9, 2005 through the present date and ongoing.

12. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. Plaintiffs' work for Defendants was actually in and/or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2009, 2010 and 2011.

14. Upon information and belief, the Defendant Company gross sales or business done exceeded $250,000 for the first two quarters of the year 2012 and are expected to exceed $500,000 for the year 2012.

15. Additionally, the projects on which Defendants hired Plaintiffs to perform work on received County and/or State and/or Federal funding to perform work fixing roads on behalf of Dade County and/or the State of Florida and, therefore, Plaintiffs' work on said projects constitute an activity of a public agency.

16. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

17. Upon information and belief, the majority of the projects on which Plaintiffs worked for Defendants were Federal and/or State and/or County funded construction projects subject to the Davis-Bacon Act and/or related Federal wage acts and/or §2-11.16 Code of Miami Dade County entitling Plaintiffs to the Prevailing Wage as determined by the U.S. Department of Labor for said construction projects and/or the Responsible Wage under the Code of Miami Dade County.

18. During the relevant time period, Plaintiff, OMAR DEL CARMEN VALLE CENTENO, worked an average of 55 hours per week and was paid an average of $16.50 per hour, but was not paid the extra half-time rate for any overtime hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the halftime overtime rate of his ordinary rate of pay or the applicable Federal Prevailing Wage Rate as determined by the U.S. Department of Labor for the construction projects on which Plaintiff worked for Defendants or the Responsible Wage under the Code of Miami Dade County, whichever is higher, for each overtime hour worked.

19. During the relevant time period, Plaintiff, OMAR DEL CARMEN VALLE CENTENO, was paid an hourly rate of $16.50/hr but was not paid any overtime wages for 5.5 overtime hours worked per week during said period. Plaintiff, as part of his principal activity, was required to drive a company vehicle, loaded with company equipment and materials, from his primary place of employment to the job site at the start of his shift and from the job site back to his primary place of employment at the end of his shift.  Pursuant to 29 U.S.C. 785.38, Plaintiff should have been compensated for these 5.5 hours per week spent in travel as part of his principal activity.  Plaintiff therefore claims the time and a half overtime rate of his ordinary rate of pay or the applicable Federal Prevailing Wage Rate as determined by the U.S.

Department of Labor for the construction projects on which Plaintiff worked for Defendants or the Responsible Wage under the Code of Miami Dade County, whichever is higher, for said overtime hours worked.

20. During the relevant time period, Plaintiff, NESTOR JOSE MEJIA OBANDO, worked an average of 55 hours per week and was paid an average of $16.50 per hour, but was not paid the extra half-time rate for any overtime hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the halftime overtime rate of his ordinary rate of pay or the applicable Federal Prevailing Wage Rate as determined by the U.S. Department of Labor for the construction projects on which Plaintiff worked for Defendants or the Responsible Wage under the Code of Miami Dade County, whichever is higher, for each overtime hour worked.

21. During the relevant time period, Plaintiff, NESTOR JOSE MEJIA OBANDO, was paid an hourly rate of $16.50/hr but was not paid any overtime wages for 5.5 overtime hours worked per week during said period. Plaintiff, as part of his principal activity, was required to drive a company vehicle, loaded with company equipment and materials, from his primary place of employment to the job site at the start of his shift and from the job site back to his primary place of employment at the end of his shift.  Pursuant to 29 U.S.C. 785.38, Plaintiff should have been compensated for these 5.5 hours per week spent in travel as part of his principal activity.  Plaintiff therefore claims the time and a half overtime rate of his ordinary rate of pay or the applicable Federal Prevailing Wage Rate as determined by the U.S. Department of Labor for the construction projects on which Plaintiff worked for Defendants or the Responsible Wage under the Code of Miami Dade County, whichever is higher, for said overtime hours worked.

22. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

WHEREFORE, Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiffs request a trial by jury.*

## COUNT II: RETALIATION UNDER 29 USC 215(A)(3)

Plaintiffs, by and through undersigned counsel, re-adopts Paragraphs 1-22 above and further states the following (Plaintiff readopts all above paragraphs as the Retaliation Count is grounded in all of the above allegations pursuant to which Plaintiff in good faith believed he was not paid legally mandated wages, and thereafter suffered retaliation for seeking redress).

23. On August 27, 2012, Plaintiff Nestor Jose Mejia Obando filed a Complaint seeking the payment of overtime wages pursuant to the Fair Labor Standards Act.

24. On August 30, 2012, Defendants were served with the Amended Complaint.

25. On September 20, 2012, Defendants terminated the employment of Plaintiff Nestor Jose Mejia Obando.

26. Defendants motivating factor in terminating Plaintiff's employment with Defendants was

because Plaintiff asserted his rights for overtime wages pursuant to the Fair Labor Standards Act.

27. The termination of Plaintiff's employment as discussed above is in direct violation of 29 U.S.C. 215 (A)(3) because the motivating factor for said activity was Plaintiff's demand for his legally mandated wages and, as a result, Plaintiff has been damaged.

WHEREFORE, THE PLAINTIFF REQUESTS JUDGMENT AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY, ATTORNEY'S FEES, COSTS, BACK WAGES AND DOUBLE OR LIQUIDATED BACK WAGES FROM THE DATE OF FIRING UNTIL AND INCLUDING THE DATE OF TRIAL, PROMOTION AND INJUNCTIVE RELIEF PROHIBITING THE DEFENDANTS FROM DISCRIMINATING IN THE MANNER DESCRIBED ABOVE, EMOTIONAL DISTRESS AND HUMILIATION AND PAIN AND SUFFERING, FRONT WAGES UNTIL PLAINTIFF'S ANTICIPATED DATE OF RETIREMENT OR ALL OTHER DAMAGES RECOVERABLE BY LAW 29 U.S.C. 216(B). PLAINTIFF REQUESTS A **TRIAL BY JURY**.

    Respectfully Submitted,

    J.H. Zidell, Esq.
    J.H. Zidell, P.A.
    Attorney For Plaintiff
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865 – 7167

    By:__/s/ J.H. Zidell_____
       J.H. Zidell, Esq.
       Florida Bar Number: 0010121

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of Plaintiffs' Motion for Leave to File Plaintiffs Second Amended Complaint was served via U.S. Mail to Leonel Garcia 10117 SW 5th Street, Miami, Florida 33174 and to I&C Earthmovers Corp., Registered Agent Lisette Arce at 13436 SW 19th Lane, Miami, Florida 33175 on this 25th day of September 2012.

J. H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:_/s/ J.H. Zidell _____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121