UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

OMAR DEL CARMEN VALLE CENTENO
NESTOR JOSE MEJIA OBANDO and all others
similarly situated under 29 U.S.C. 216(B),

CASE NO.: 1:12-cv-23097-LENARD

   Plaintiffs,

vs.

I & C EARTHMOVERS CORP., LEONEL
GARCIA CARLOS M. GARCIA,

   Defendant.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, I & C EARTHMOVERS CORP., LEONEL GARCIA, and CARLOS M. GARCIA submit their Answer and Affirmative Defenses to the Plaintiff's Complaint, and in support thereof, state as follows:

1. Without knowledge and therefore denied.

2. Admitted for jurisdictional purposes only.

3. Admitted that I & C Earthmovers Corp. is a corporation that regularly transacts business within Dade County. Defendants are without knowledge and therefore deny the rest of the allegations in paragraph 3.

4. Defendant admits that Leonel Garcia is a corporate officer and/or owner and/or manager of the Defendant Company. Defendant denies the rest of the allegations in paragraph 4.

5. Defendant admits that Carlos M. Garcia is a corporate officer and/or owner and/or manager of the Defendant Company. Defendant denies the rest of the allegations in paragraph 5.

6. Admitted for jurisdictional purposes only.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATION

7. Admitted that this action arises under the laws of the United States. Denied as to the rest of the allegation in paragraph 7.

8. Defendants do not contest that the Court has jurisdiction over the claim. Defendant is without knowledge as to the intended nature of Cruz's action, therefore all remaining allegations in paragraph 8, are denied.

9. 29 U.S.C. § 207 (a) (1) speaks for itself.

10. Denied. Plaintiff, OMAR DEL CARMEN VALLE CENTENO, started working in labor and then switched to a heavy equipment operator.

11. Denied. Plaintiff, NESTOR JOSE MEJIA OBANDO, started working in labor and then switched to a heavy equipment operator. Furthermore, Plaintiff, NESTOR JOSE MEJIA OBANDO, is no longer employed with the company.

12. Denied.

13. Admitted.

14. Admitted

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT II
## RETALIATION UNDER 29 USC 215 (A)(3)

Defendants re-adopt paragraphs 1 – 22 above.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied. Defendants demand strict proof thereof.

27. Denied. Defendants demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### (First Affirmative Defense – Defendants are not subject to FLSA)

There is no coverage under the Fair Labor Standards Act ("FLSA"). Defendants do not engage in interstate commerce. There is no "individual" coverage under the FLSA due to the fact that Defendants neither engaged in interstate commerce nor engaged in the production of goods for commerce. *See, e.g.,* Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1265-66 (11th Cir. 2006).

### (Second Affirmative Defense – Travel Time to and from Work Not Compensable)

In the event it is determined that Defendants are otherwise governed by the FLSA, to the extent Plaintiff's claim is predicated on time spent in travel to an from work, Plaintiffs are not entitled to travel time to work from home or from work to home pursuant to the "Portal-to-Portal Act" (29 U.S.C. §254 (a)) and its implementing regulation (29 C.F.R. § 785.35).

### (Third Affirmative Defense – Good Faith)

With respect to Plaintiffs purported claims for unpaid overtime compensation, while it is denied any overtime is due, any omission in the payment of overtime was committed in good faith and was based upon a reasonable belief of Defendants that the omission was not a violation

of the FLSA. Accordingly, Plaintiffs should not be entitled to recover any award of liquidated damages if it is somehow determined that FLSA coverage existed. 29 U.S.C. § 260.

### (Fourth Affirmative Defense – Good Faith)

Defendants, Leonel Garcia and Carlos Garcia, cannot be held liable for any actions of the corporation as Plaintiffs have failed to allege that the corporate veil should be pierced.

### (Fifth Affirmative Defense – No Protected Activity)

Plaintiff's actions which lead to his termination are not considered protected activity under 29 U.S.C. 215 which would allow a claim for retaliation. The actions which lead to his termination are his failure to properly perform his work duties, and not the filing of a claim.

### (Sixth Affirmative Defense – No Causal Connection)

There is no causal connection between Plaintiff's filing of a claim and Plantiff's subsequent termination.

WHEREFORE, Defendants request that the Court dismiss Plaintiffs' Complaint with prejudice and award reasonable costs incurred in defending this action.

Dated this 9 day of October, 2012.

By: ___/s/ Netali Peles_____
NETALI PELES, ESQ.
Florida Bar No.: 84558
Lynch & Robbins PA
25 W. Flagler St, Suite 1010
Miami FL  33130
Telephone: (305) 456-3561
Facsimile: (727) 471-0616
npeles@floridalawyer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9 day of October, 2012, I electronically filed the foregoing document with the Clerk of Courts using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Elctronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing. .

                                        __/s/ Netali Peles_____
                                        NETALI PELES, ESQ.
                                        Florida Bar No.:  84558