UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

OMAR DEL CARMEN VALLE CENTRO,
NESTOR JOSE MEJIA OBANDO, and all
others similarly situated under 29 USC 216(b),

    Plaintiffs
v.                                                    Case No. 1:12-CV-23097-O'SULLIVAN

I & C EARTHMOVERS CORP.,
LEONEL GARCIA and
CARLOS M. GARCIA,
    Defendants.
_____/

**DEFENDANT'S MEMORANDUM OF LAW REGARDING JURY INSTRUCTIONS**

Pursuant to this Court's Order Defendant's hereby file a memorandum of law regarding their objection to Proposed jury instruction no. 7 relating to inadequate records, and state as follows:

1. First, the jury should not be instructed that damages should be based on the standard applied when an employer does not have adequate records, because Plaintiffs did not make a claim that records were inadequate in their Complaint. See Complaint. At trial, a plaintiff is limited to the claims that were pled. Claims not in the complaint cannot be raised at trial. FRCP 8. The Eleventh Circuit held in *Cioffe v. Morris,* 676 F.2d 539 (11th Cir.1982), "a judgment may not be based on issues not presented in the pleadings and not tried with the express or implied consent of the parties." *Id.* at 541. *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1288 (11th Cir. 2003).

2. The jury instructions from the Supreme Court case of *Mt. Clemens* are improper here. In that case, the Court ruled that because the employer has a requirement to keep

proper records, the employee cannot be penalized if he fails to do so. Here, this is inapplicable, as the employer carried out its requirement to keep proper records, and the Plaintiffs are simply disputing the accuracy of those records. Therefore, there should be an exception to the *Mt. Clemens* case, for situations where adequate records exist, and specifically in this case where the work hours are supervised and verified by the State, to ensure compliance with the regulation of the Department of Labor, pursuant to Fla. Stat. 334.08. This is not the type of case where we are allowed to use the lower standard of proof as provided in *Mt. Clemens*. On the contrary, an exception to the *Mt. Clemens* standard should exist in a case for a state regulated job site, such as here.

3. The correct standard here is the 11th Circuit and the rules based on the Federal Rules of Civil Procedure's regular standard for damages: that damages must be plead with reasonable certainty and based on personal knowledge. Speculation and guess work is insufficient. *Nebula Glass Intern., Inc. v. Reichhold, Inc.,* 454 F.3d 1203 (11th Cir. 2006)(applying Florida law requiring "reasonable certainty" and "cannot be speculative").

4. By allowing Plaintiffs to prove damages based upon estimates, the Court is allowing inadmissible evidence that lacks the foundation required based upon personal knowledge, and constitutes speculation. FRE 602 (lack of personal knowledge); FRE 801, 802 (hearsay).

5. The Plaintiffs in this case should not be allowed to introduce evidence of the time they allegedly worked that is not based upon personal knowledge. FRE 602 (lack of personal knowledge)

6. In the alternative, if the Court allows this instruction on the lower standard for damages upon reasonable estimation, then the Court should also allow proposed Jury Instruction 7a, and the jury must be instructed as follows:

**Inadequate Records:**

*The law requires an employer to keep records of how many hours [his/her/its] employees work and the amount they are paid.* <u>*In this case, Carlos Garcia, Leonel Garcia and I & C Earthmovers Corp. claim that they keep adequate records.*</u>

*In this case, Omar Del Carmen Valle Centeno and Nestor Jose Mejia Obando claim that I & C Earthmovers, Inc., Carlos Garcia and Leonel Garcia failed to keep and maintain adequate records of their hours and pay. Omar Del Carmen Valle Centeno and Nestor Jose Mejia Obando also claim that I & C Earthmovers, Inc., Carlos Garcia and Leonel Garcia failure to keep and maintain adequate records has made it difficult for Omar Del Carmen Valle Centeno and Nestor Jose Mejia Obando to prove the exact amount of their claims.*

<u>*Omar and Nestor must also prove that they in fact performed work and were not properly compensated for that work with sufficient evidence showing the amount and extent of the work proven as a matter of just and reasonable inference, and the employer must have had knowledge of this alleged uncompensated work. Allen v. Board of Public Educ. for Bibb County, 495 F.3d 1306 (11th Cir. 2007).*</u>

*If you find that I & C Earthmovers, Inc., Carlos Garcia and Leonel Garcia failed to keep adequate time and pay records for Omar Del Carmen Valle Centeno and Nestor Jose Mejia Obando and that Omar Del Carmen Valle Centeno and Nestor Jose Mejia Obando performed work for which [he/she] should have been paid, Omar Del Carmen Valle Centeno and Nestor*

*Jose Mejia Obando may recover a reasonable estimation of the amount of [his/her] damages. But to recover this amount, Omar Del Carmen Valle Centeno and Nestor Jose Mejia Obando must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.*

*11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED).*

DATED THIS 11th day of October, 2013.

NETALI PELES, ESQ.
EXECUTIVE LAW GROUP
ATTORNEY FOR DEFENDANTS
495 BRICKELL AVENUE #2110
MIAMI, FL 33131


By:__/s/ Netali Peles _____
Netali Peles, Esq.
Florida Bar No.: 84558
Bradford A. Patrick, Esq.
Florida Bar No. 529850
Telephone: (786) 253-1173
Facsimile (813) 333-7321
netali@execlawgroup.com


### CERTIFICATE OF SERVICE

I hereby certify that on October 11th, 2013, I served the above document via the CM/ECF system.

s/   Bradford A. Patrick  
Bradford A. Patrick, Esq.
