UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CV-23097-LENARD/O'SULLIVAN

**CONSENT CASE**

OMAR DEL CARMEN VALLE CENTENO )
NESTOR JOSE MEJIA OBANDO and all )
others similarly situated under 29 U.S.C. )
216(B), )
 )
      Plaintiffs, )
vs. )
 )
I & C EARTHMOVERS CORP. )
LEONEL GARCIA )
CARLOS M. GARCIA, )
 )
      Defendants. )
_____ )

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR REMITTITUR OF DAMAGES IMPROPERLY AWARDED FOR TRAVEL TIME**

Come Now Plaintiffs, by and through undersigned Counsel, and hereby file Plaintiffs' Response in Opposition to Defendants' Motion for Remittitur and in support thereof state as follows:

1. Defendants' Motion alleges that a remittitur of the jury verdict is warranted because the jury improperly awarded damages for travel time to both Plaintiffs. However, Defendants fail to offer any support to their conclusory analysis of this matter.

2. There are many ways the jury could have arrived at their verdict. As it relates to Plaintiffs' overtime claims, there were two issues that were hotly contested; Plaintiffs' hourly wage and the amount of hours worked by Plaintiffs on a weekly basis. Plaintiffs believed that their hourly rate of pay was approximately $16/hr based on the fact that

they were paid an average of $160 a day for their work and that they worked approximately 10 hours or more a day (excluding travel time). Defendants contended that Plaintiffs only worked 8 hours or less a day, and were paid $20/hr for their work. In essence, the jury was required to make two determinations on Plaintiffs' overtime claim; (1) What was each Plaintiff's hourly rate; and (2) did Plaintiffs work overtime or were they really only working 5 days a week at 8 hours a day as alleged by Defendants. Any award for overtime wages would hinge on the jury's determination of those two issues. Therefore, there were three possible outcomes:[1]

1) If the jury believed Defendants that Plaintiffs hourly pay was $20/hr and that Plaintiffs never worked overtime, the jury would enter a finding in favor of Defendants and find that Plaintiffs were not owed any amount of overtime wages.

2) If the jury believed that Plaintiffs' hourly rates were $20/hr and that Defendants never paid Plaintiffs overtime wages, but believed that Plaintiffs worked overtime for which they were not compensated, then the correct overtime rate owed to Plaintiffs was $30/hr multiplied by the amount of overtime Plaintiffs worked for which they were not compensated.

3) If the jury believed Plaintiffs understanding of how they were paid and believed that Plaintiffs were not paid anything extra for the overtime work performed, the jury could have awarded Plaintiffs their halftime rate for each overtime hour worked. Therefore, if Plaintiffs hourly rate was $16/hr, Plaintiffs would be entitled to an additional $8/hr for each overtime hour worked.

---

[1] A fourth possible outcome, the jury could have found Plaintiffs' hourly rate to be $16/hr and that Plaintiffs were owed the overtime rate of $24/hr for 1,890 overtime hours, which is an average of 12.1 overtime hours worked a week and supported by the evidence.

3. It appears that out of the three plausible options, the jury elected to believe that Plaintiffs hourly rates were $20/hr and that Plaintiffs each worked 1,512 overtime hours (1,512 hours X $30/hr = $45,360) and were entitled to the $30/hr overtime rate for each overtime hour that they worked in which Defendants failed to compensate them. Said calculation would have resulted in an average of 9.69 overtime hours worked on a weekly average, which is well within the boundaries established by the evidence.[2]

4. There is no evidence that the jury awarded any amount to either Plaintiff for travel time as the award rendered by the jury was well within the trial testimony as to the hours Plaintiffs worked (exclusive of travel time).[3]

### Memorandum of Law

"In general, a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence. *See Howell v. Marmpegaso Compania Naviera, S.A.,* 536 F.2d 1032, 1034–35 (5th Cir.1976); *Natco, Inc. v. Williams Brothers Engineering Co.,* 489 F.2d 639, 641 (5th Cir.1974)." *Goldstein v. Manhattan Indus., Inc.,* 758 F.2d 1435, 1448 (11th Cir. 1985). "In such cases, "the Court is bound to allow Plaintiffs the maximum possible recovery," keeping in mind that "the Court is not to substitute its judgment for the jury's, and where there is sufficient evidence in the record to support the award, the Court should not reduce merely because it would have found

---

[2] In calculating Plaintiffs' damages, the jury did not need to find that Plaintiffs worked the same amount of overtime each and every week and could have found on some weeks Plaintiffs worked 12 overtime hours while on other weeks Plaintiffs worked 8 overtime hours in coming to their determination that each Plaintiff worked 1,512 overtime hours for which they were not properly compensated. Alternatively, the jury could have found Plaintiffs' hourly rate to be $16/hr and that Plaintiffs were owed the overtime rate of $24/hr for 1,890 overtime hours, which is an average of 12.1 overtime hours worked a week and supported by the evidence.

[3] Exclusive of travel time, the jury could have awarded each Plaintiff as much as $70,200 (15 overtime hours a week X $30/hr X 156 weeks).

differently." *Id."* *Marlite, Inc. v. Eckenrod*, 2011 WL 39130 (S.D. Fla. Jan. 5, 2011) aff'd sub nom. *Marlite, Inc. v. Am. Canas*, 453 F. App'x 938 (11th Cir. 2012).

Pursuant to *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946), Defendants did not keep contemporaneous records as to the hours worked by Plaintiffs each day and therefore failed to cary their burden to "produce evidence regarding the specific work Plaintiff performed and to negate the reasonable inference from Plaintiff's evidence." *Solano v. A Navas Party Prod.*, 728 F. Supp. 2d 1334, 1344 (S.D. Fla. 2010). The reasonable inference as to the amount of overtime owed to Plaintiffs supports the jury's verdict.

The records maintained by Defendants do not come anywhere close to the record keeping requirements of the Fair Labor Standards Act.[4] Defendants failed to keep track of the start and finish time of any shift worked by Plaintiffs, and would merely mark down that Plaintiffs had either worked 4 or 8 hours a day. In a case like this where, at best, there are faulty time records, what is Plaintiffs supposed to do in order to prove their case? Perhaps the only thing Plaintiffs can do is testify to the best of their ability and approximate the hours they worked on a daily and weekly basis. That is precisely what transpired in the case at hand. However, this issue of approximating the hours worked on a weekly basis is not a novel concept, but one that was addressed by the United States Supreme Court in the seminal case of *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946). The question that the United States Supreme Court tackled in *Anderson*, was, who bears the responsibility of maintaining time records and what happens in a case of where the time records maintained by an employer are inadequate or nonexistent, such as in the case at hand.

---

[4] Defendants admitted at trial that records were incomplete because their busy work schedule did not allow them to bring all the records to trial.

The Supreme Court in *Anderson* found that it is the employer's responsibility of keeping records of hours worked by employees under the FLSA. "Where the employer's records of work time are inaccurate [or completely missing] and the employee cannot offer convincing substitutes . . . [] the employee has carried out [his/her] burden if he/she proves that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the [employee] may then [be] awarded damages even though the result be only approximate. [emphasis added]." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

The dramatic effect of an employer's failure to maintain adequate records as required with respect to calculation of FLSA damages can be seen in *Reeves v. International Telephone and Telegraph Corporation*, 616 F.2d 1342, 1351 (5th Cir. 1980), *citing, among other cases, Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 687 (1946). Even if the estimations by Plaintiffs have been at some point inaccurate, "[i]naccurate wage and hour information, however, is not always fatal to a claim for minimum wage or overtime compensation under the Act. Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a "sufficient basis" for damages. *Reeves* is binding old 5th Circuit precedent in the 11th Circuit as such was decided prior to close of business October 1, 1981. *See, Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).

In the case at hand, Plaintiffs carried their burden by virtue of their testimony. Defendants failed to rebut said evidence as they were unable to come forward with evidence of the precise

amount of work performed by Plaintiffs or with evidence to negate the reasonableness of the inference to be drawn from Plaintiffs' evidence. Therefore, Plaintiffs carried their burden in proving the amount of hours they worked. Based on the evidence presented at trial, it is more than plausible, the jury made their determination without factoring any amount of wages owed for travel time. Therefore, the jury verdict on damages was well within the evidence presented at trial and should be left undisturbed.

Wherefore, as the jury verdict was properly based upon the evidence presented at trial, Plaintiffs request that the Court deny Defendants' Motion in its entirety.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 -7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response was sent via CM/ECF to Netali Peles, Esq., Lynch & Robbins, 25 W. Flagler Street, Suite 1010, Miami, Florida 33130, Fax: (866) 984-5239, Email: npeles@floridalawyer.com and Vincent B. Lynch, Esq., The Executive Law Group, 3001 N. Rocky Point Drive E., Suite 208, Tampa, FL 33629, Fax: (813) 333-7321, Email: vincent@execlawgroup.com, on this 8th day of January, 2014.

                                                J.H. Zidell, Esq.
                                                J.H. Zidell, P.A.
                                                Attorney for Plaintiffs
                                                300 71st Street #605
                                                Miami Beach, Florida 33141
                                                Tel: (305) 865-6766
                                                Fax: (305) 865 -7167

                                                By:__/s/ J.H. Zidell_____
                                                    J.H. Zidell, Esq.
                                                    Florida Bar Number: 0010121