UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:12-CV-23097-O'SULLIVAN
[CONSENT]

OMAR DEL CARMEN VALLE CENTENO,
NESTOR JOSE MEJIA OBANDO, and all
others similarly situation under 29 U.S.C. 216(B),

    Plaintiff

vs.

I&C EARTHMOVERS CORP., LEONEL
GARCIA and CARLOS M. GARCIA,

    Defendants
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion for Imposition of Liquidated Damages (DE # 109, 10/18/13), the Defendant's Motion for Remittitur of Damages Improperly Awarded for Travel Time (DE# 137, 12/26/13) and the Defendants' Motion for Sanctions and Attorney Fees (DE# 139, 12/27/13). These motions are addressed below.

## ANALYSIS

**1. Defendants' Motion for Sanctions and Attorney Fees (DE# 139, 12/27/13)**

On October 17, 2013, following a three-day trial, the jury reached a verdict in favor of the plaintiffs and against the defendants. See Verdict Form (DE# 108, 10/18/13). As part of its verdict, the jury award plaintiff Nestor Jose Mejia Obando (hereinafter "Mejia") $45,360.00 in unpaid overtime wages. The defendants ask, inter alia, that the Court exercise its inherent power in order to punish Mr. Mejia for falsely testifying at deposition and at trial that he was unemployed for two months after he was

fired by the defendants. <u>See</u> Defendants' Motion for Sanctions and Attorney Fees (DE# 139, 12/27/13).

At trial Mr. Mejia falsely testified that he had been unemployed for two months after he was fired by the defendants:

> Q. Did your life change after this firing?
> Did you lose sleep?
> Did it affect your family life in any other way that you would want to tell the jury about?
>
> A. Of course it is a trauma to feel that you have been fired after working seven years, almost eight years at a company, and you are affected because, after that, **I was without a job for two months**.
>
> Q. How did you feel during those two months?
>
> A. That really -- I mean, you even lose sleep. You are stressed. Problems with the family. To know that on Fridays, at least, I used to send money to my mom, and my children, and **I couldn't do that for two months**. I even have a daughter who was attending college and I had to have her withdraw from college.
>
> Q. How did that make you feel?
>
> A. Emotionally, that's something that really moves you when you have a salary, and then you cannot receive any money, you feel really bad.
>
> \*\*\*
>
> Q. During those two months after you were fired, were you looking for work?
>
> A. Obviously. I would go out to look for a job.
>
> Q. You finally found one **about two months after you were fired**, right?
>
> A. **Yes**.
>
> \*\*\*

2

> A. If we calculate from September, when I was fired, until today, I do have a loss.
>
> Q. How much is that loss?
>
> A. **Only the two months that I was without a job. It would be $8,000. Two months without work.**
>
> ***
>
> Q. If I&C had been paying you the overtime that they owed you compared to what you were making today, do you know how much additional economic loss that would have been for you?
>
> A. At least I would have $26,800 of loss.
>
> Q. Can you repeat that number?
>
> A. $26,800. **The two months without a job** and from September to October making $1 less.
>
> Q. That's the number that you have calculated?
>
> A. Yes.

Trial Transcript (DE# 129 at 78, 80, 84, 11/24/13) (emphasis added). At his deposition on December 20, 2013, following trial, Mr. Mejia testified that his start date with Southeastern was September 25, 2012. See Deposition (DE# 160-2 at 7, 1/14/14). Mr. Mejia was fired from this employment with the defendants on September 20, 2012. See Trial Transcript (DE# 129 at 71, 77, 11/24/13). Thus, Mr. Mejia's trial testimony that he was unemployed for two months after the defendants fired him is false.

When there is bad faith conduct in the course of the litigation that could be adequately sanctioned under the rules, the Court ordinarily should rely on the rules rather than the inherent power of the Court, but if in the informed discretion of the Court, neither statute nor rules are up to task, the Court may safely rely on its inherent

power. Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991). The Court's inherent power is derived from the need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 49 (internal citations and quotation marks omitted). The "Court's inherent power should be exercised with caution and its invocation requires a finding of bad faith." Kornhauser v. Comm'r of Soc. Sec., 685 F.3d 1254, 1257 (11th Cir. 2012); see also Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking [the] court's inherent power is a finding of bad faith."). In exercising its inherent power, the Court "'must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees.'" Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) (citing Chambers, 501 U.S. at 50).

The Court rejects Mr. Mejia's explanation that he is a simple construction worker and that his inaccurate testimony was due to confusion, mistake or a faulty memory. See Plaintiff's Response in Opposition to Defendants' Motion for Sanctions and Attorney Fees (DE# 143 at 7-8, 1/7/14). The event in question is not so long ago that Mr. Mejia would have difficulty recalling it. Moreover, he was able to testify in detail at trial as to other events that took place shortly before or after this time period. Mr. Mejia's false testimony was also not due to confusion or mistake. He testified specifically that he was unable to send money to his mother and children for two months and that his daughter was forced to withdraw from college as a result of Mr. Mejia's unemployment. See Trial Transcript (DE# 129 at 78, 11/24/13). There is no indication in the transcript that Mr. Mejia was confused or did not understand the question. In fact, he repeatedly and consistently testified to this two-month period of unemployment. The specificity with

4

which Mr. Mejia responded to the questions posed by his counsel concerning his unemployment convinces the Court that his responses were deliberate and intended to mislead the jury.

The Court finds by clear and convincing evidence that Mr. Mejia lied to the jury when he testified that he was unemployed for two months after he was fired by the defendants. See Trial Transcript (DE# 129 at 78, 80, 84, 11/24/13), supra. Mr. Mejia's misconduct constitutes bad faith and is sanctionable under the Court's inherent power. In fact, "the inherent powers doctrine is most often invoked where a party commits perjury or destroys or doctors evidence." Qantum Commc'ns Corp. v. Star Broad., Inc., 473 F. Supp. 2d 1249, 1269 (S.D. Fla. 2007) (citations omitted). The Court further finds that the appropriate sanction for Mr. Mejia's misconduct is to STRIKE Mr. Mejia's award for retaliation of $50,000 for past and future mental pain and suffering.[1] The defendants are also entitled to an award of attorney's fees but only as it relates to the filing of the Defendants' Motion for Sanctions and Attorney Fees (DE# 139, 12/27/13). "[I]inherent powers must be exercised with restraint and discretion . . . . A primary aspect of that discretion is the ability to fashion an appropriate sanction." Chambers, 501 U.S. at 44 (internal citation omitted). The Court will exercise its discretion and deny the defendants' requests for additional relief and for sanctions under Federal Rule of Civil Procedure 37.

---

[1] In their motion, the defendants state that as a sanction, Mr. Mejia "should be barred from an award of damages for back wages, emotional damages, and front wages." The issue of front wages and back wages was resolved by the parties in a partial settlement. See Joint Status Report (DE # 162 at 2, 1/27/14). The Court has reviewed and approved that settlement. See Order Approving Settlement Agreement (DE# 165, 1/30/14). The $9,020 for lost back wages awarded by the jury to Mr. Mejia was negotiated by the parties to $5,300 and will not be disturbed by this Court.

5

2.   **Plaintiffs' Motion for Imposition of Liquidated Damages (DE # 109, 10/18/13)**

The plaintiffs seek to recover liquidated damages against the defendants pursuant to 26 U.S.C. § 216(b). See Plaintiffs' Motion for Imposition of Liquidated Damages (DE # 109 at 1, 10/18/13). With respect to plaintiff Omar Del Carmen Valle Centeno, the plaintiffs seek a total award of $90,720 ($45,360 in unpaid overtime plus $45,360 in liquidated damages). Id. at 2. With respect to plaintiff Mejia, the plaintiffs initially sought a total award of $158,760 ($45,360 in unpaid overtime plus $9,020[2] in back wages, plus $54,380 in total liquidated damages plus $50,000 for retaliation). Id. The defendants oppose the relief requested, in part, because they claim they have satisfied their burden of proving good faith to bar an imposition of liquidated damages. See Defendant[s'] Response in Opposition to Plaintiff's Motion for Liquidated Damages (DE# 138 at 1, 12/26/13).

The applicable law is well established. "Any employer who violates the provisions of section 206 [minimum wages] or section 207 [overtime wages] of this title <u>shall be liable</u> to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added); see also Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008). It is important to note that "[a]n employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." Dybach v. State of Fla. Dept. of Corr., 942 F.2d 1562, 1566

---

[2] See footnote 1, supra.

(11th Cir. 1991). Here, the jury specifically found "[t]hat the defendants either knew or showed reckless disregard for the matter of whether its [sic] conduct was prohibited by the Fair Labor Standards Act." See Verdict Form (DE# 108 at 2, 10/18/13). A "jury's finding of willfulness deprives the district court of any discretion to reduce liquidated damages based on its own finding of good faith." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1166 (11th Cir. 2008). The plaintiffs are entitled to liquidated damages on all claims with the exception of the $9,020[3] awarded to Mr. Mejia for lost back wages on his retaliation claim.

### 3. Defendant's Motion for Remittitur of Damages Improperly Awarded for Travel Time (DE# 137, 12/26/13)

The defendants further seek to reduce the amount awarded by the jury at trial on the grounds that: (1) the plaintiffs failed to establish their entitlement to travel time under the law; (2) Mr. Mejia withdrew his claim for travel time in its entirety and (3) Mr. Mejia admitted he was not entitled to travel time after 2010. See Defendant's Motion for Remittitur of Damages Improperly Awarded for Travel Time (DE# 137 at 1-2, 12/26/13). The Eleventh Circuit has held that a Court must grant a "new trial or remittitur when the award exceeds the maximum limit of a reasonable range within which the jury may properly operate." Warren v. Ford Motor Credit Co., 693 F.2d 1373, 1380 (11th Cir. 1982). The Eleventh Circuit also follows the "fundamental principle . . . that the fact-finder determines the quantum of damages in civil cases." Hawkes v. Ayers, 537 F.2d

---

[3] As noted above, this amount was negotiated and reduced by the parties to $5,300. See Settlement Agreement (DE# 162-1, 1/27/14). The Court will not liquidate this reduced amount.

7

836, 837 (5th Cir. 1976) (per curiam).[4] "In general, a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence." Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1448 (11th Cir. 1985). In the instant case, the plaintiffs carried their burden of proof as to the amount of hours they worked. Moreover, the jury could have arrived at the sums awarded to each plaintiff for unpaid overtime without factoring in any travel time. Accordingly, the request for remittitur is **DENIED**.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendants' Motion for Sanctions and Attorney Fees (DE# 139, 12/27/13) is **GRANTED in part and DENIED in part**. The jury's award of $50,000 for past and future mental pain and suffering on Mr. Mejia's retaliation claim is **STRICKEN and VACATED**. The Court will grant attorney's fees to the defendants related only to the filing of the sanctions motion. The defendants shall attempt to resolve the amount of attorney's fees with the plaintiffs' counsel. If they are unable to resolve the matter, the defendants shall file their motion for attorney's fees along with supporting documentation no later than **Friday, February 28, 2014**. It is further

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Imposition of Liquidated Damages (DE # 109, 10/18/13) is **GRANTED in part and DENIED in part**.

---

[4] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

The plaintiffs are entitled to liquidated damages for their overtime claims. As to plaintiff Omar Del Carmen Valle Centeno, the Court will enter a judgment in the amount of $90,720 ($45,360 in unpaid overtime plus $45,360 in liquidated damages). As to plaintiff Mejia, the Court will enter a judgment in the amount of $90,720 ($45,360 in unpaid overtime plus $45,360 in liquidated damages). It is further

ORDERED AND ADJUDGED that the Defendant's Motion for Remittitur of Damages Improperly Awarded for Travel Time (DE# 137, 12/26/13) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this **3rd** day of February, 2014.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record