UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF FLORIDA
CASE NO. 1:12-CV-23097-CIV-O'SULLIVAN

OMAR DEL CARMEN VALLE CENTRO,
NESTOR JOSE MEJIA OBANDO, and all
others similarly situated under 29 USC 216(b),

    Plaintiffs
v.

I & C EARTHMOVERS CORP.,
LEONEL GARCIA and
CARLOS M. GARCIA,
    Defendants.
_____/

**DEFENDANT'S AMENDED MOTION TO DISSOLVE WRITS OF GARNISHMENT, OR IN THE ALTERNATIVE, ALLOW THE AMOUNT TO BE POSTED AS *SUPERSEDEAS* BOND**

Defendants, by and through their undersigned counsel, hereby request the Court dissolve the Writs of Garnishment, or in the alternative, allow the amount to be used for the posting of a *supersedeas* bond, and in support state:

**MEMORANDUM OF LAW**

1. As an initial matter, the writs of garnishment were improperly issued. Under Florida law and Fla. Stat. 77.03, "in order to garnish funds owed by a defendant to other parties, a plaintiff must first procure leave of court to issue a writ of garnishment." *Alejandre v. Republic of Cuba*, 64 F. Supp. 2d 1245 (S.D. Fla. 1999). In that case, Judge James Lawrence King stated that since the Florida statutes require a motion to be filed, it was improper for the clerk to issue the writ of garnishment prior to obtaining leave of court to do so, as was done here. *Id* at 1247.

2. On March 16, 2014, Defendants filed their Motion to Stay Judgment and in the alternative, requested the Court allow sufficient time for Plaintiffs to obtain a *supersedeas* bond. [DE #182]. The Court denied the motion on March 25, 2014. [DE #190].

3. Immediately following the order denying the motion to stay, the undersigned attempted to communicate with Plaintiffs in request for an agreement on holding off on the execution of judgment to allow Defendants to obtain a *supersedeas* bond. [DE #191]. Plaintiffs' counsel did not respond, and instead proceeded with the filing of the Motions for Writs of Garnishment.

4. Despite the fact that motions are required, there was no time for a response, nor a court order granting the motions. Instead, the Clerk immediately issued the writs.

5. On March 27, 2014 Defendants filed a responsive motion to the Writs of Garnishment detailing the reasons for the improper issuance of the writs. [DE #191]. Specifically, in addition to the reasons cited above, a writ of garnishment was not to be issued by the Clerk while a motion for new trial is pending, pursuant to the case filing requirements of this Court.

6. This requirement left Defendants under the impression that such a writ could not be issued at that time, and that they had time to post a *supersedeas* bond.

7. Nevertheless, the Clerk issued the writs of garnishment against Defendant's bank account, before they were able to obtain the bond. The garnishment is now preventing Defendants from posting the *supersedeas* bond as planned, and filing their notice appeal as of right. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, the time for filing a notice of appeal has not begun to run in this matter. Defendants intended to file a notice of appeal, and intended to post a *supersedeas* bond for same. However, the above-described incidents are now preventing them from their right to appeal.

In conclusion, the writs of garnishment were obtained in a backhanded manner, leaving Defendants without an opportunity to exercise their right to appeal. If the Court denies this motion, Defendants will be unduly prejudiced and may lose their right to appeal.  On the other hand, if the Court grants this motion, Plaintiffs will not be harmed, and the status quo will remain.

Wherefore, Defendants request that the Court dissolve the writs of garnishment, or in the alternative order the amount to be garnished be posted as bond instead, to allow Defendants to their appeal as of right.

DATED THIS 8th day of April 2014.

## CERTIFICATE OF CONFERRAL

The undersigned conferred with opposing counsel regarding the relief requested in this motion who do not agree to the relief requests and advised that they believe that the issue has already been decided per the Court's order on the Motion to Stay Judgment.  Defendants disagree and opine that the motion at issue is different and based on separate law.

By:__/s/ *Brad Patrick*_____
Bradford Patrick, Esq.
Florida Bar No.:529850
Telephone: (813) 384-8548
Facsimile (813) 333-7321
brad@execlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2014, I served the above document via the CM/ECF system.

By:__/s/ *Brad Patrick*_____
Bradford Patrick, Esq.